JOHN LANCEY *versus* JOSEPH BRYANT & al.

In actions of libel, the question of malice is to be determined by the jury.

There is no law, requiring city or town officers to know the contents of all the corporation records.

Diligence and care, in ascertaining the contents of corporation records upon a specific subject, cannot be required of the corporation officers, while it is not shown, that they knew of the existence of such records.

LIBEL against the mayor and clerk of the city of Bangor, for a statement contained in their annual printed report of the financial condition of the city, for the year 1845. The words alleged to be libelous were as follows. — " Balance due from John Lancey, collector of taxes for 1836, $6004,50." It was conceded, that the plaintiff was the collector of taxes for 1836. Evidence was introduced tending to show, that the amount due from the plaintiff was much less than the sum stated in the said annual report.

The case was tried before WELLS, J. He instructed the jury, that if the words, charged as libelous, were false, and tended to defame the plaintiff; and if the defendants had no reason to believe them true, it was evidence of malice ; but that the question of malice, was for their determination, upon which they would decide from all the evidence ; — that unless they were satisfied, that the defendants acted maliciously in their publication, the verdict must be for the defendants.

The plaintiff's counsel requested the Court to instruct the jury, that the defendants, as mayor and clerk of the

Langley v. Palmer.

city, must be presumed in law to know the contents of the city records, relative to the transaction between the city and Lancey.

The Court was further requested to instruct the jury, that if the defendants, in the exercise of ordinary care and diligence, could have ascertained, by the inspection of said records and report aforesaid, that the plaintiff did not owe the city so much as was alleged in said annual report, by some four thousand dollars, they would be regarded as having said knowledge.

But the Court declined to give those instructions.

The verdict was for the defendants, and the plaintiff excepted.

The case was submitted without argument.

BY THE COURT. — The plaintiff asserts that the statement made by the defendants in their printed report, was libelous, because it represented the plaintiff to be indebted to the city in a larger sum than he really owed. The instruction left the jury to decide the question of malice. That was correct. The first requested instruction was properly withheld ; for there is no rule of law, that the officers of a city or town must be acquainted with the contents of all its records.

The second requested instruction could not have been properly given. There was no evidence, that the defendants knew there were records relative to the matters, as to which care and diligence were supposed to be required.

*Judgment on the verdict.*